IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:04CR118 |
| | ) | |
| v. | ) | |
| | ) | |
| HUMBERTO RIVERA-MORENO, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Humberto Rivera-Moreno, has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (filing 208), and an affidavit in support of this motion.  Filing 209.  The text of the affidavit and the arguments in defendant's motion indicate Ruiz-Fuestes, a government witness, allegedly wrote a letter, and this letter stated Ruiz-Fuestes (or perhaps some other person identified in the letter) could provide testimony undermining the credibility of other government witnesses.  The defendant claims he received this letter from his wife, co-defendant Veronica Perales, and provided the name of the witness to his attorney, Mark A. Weber, but Mr. Weber never interviewed or called this witness at trial.  Filing 208, pp. 7-9, 11; filing 209, ¶¶ 7-8.

Documents submitted as evidence in support of a motion must be properly identified and authenticated by affidavit, and the affidavit must set forth facts showing the document is admissible in evidence.  NECivR 7.1(a)(2)(C).  The letter submitted in support of defendant's § 2255 motion is attached to his affidavit (filing 209 ).  However, the affidavit fails to identify to whom the letter was sent, who wrote

the letter, how the defendant is able to identify the author of the letter, to whom the letter was addressed, who sent it to the defendant or to Veronica Perales, when the letter was written, and when the defendant received it. The letter itself is not signed. The defendant's affidavit therefore fails to establish that the attached letter is admissible into evidence.

Moreover, the letter is written in Spanish, and the defendant has not filed an English translation. Federal court proceedings must be conducted in English. U. S. v. Rivera-Rosario, 300 F.3d 1, 7 n. 4 (1st Cir. 2002)(noting "well-settled rule that parties are required to translate all foreign language documents into English"); Heary Bros. Lightning Protection Co. v. Lightning Protection Institute, 287 F.Supp.2d 1038, 1074 (D. Ariz. 2003)( striking plaintiffs' exhibits because they were not written in English and the plaintiff failed to file an English translation); Hawkins v. Borsy, 2007 WL 517493, *1 (E.D. Va. February 6, 2007)(entering a default judgment against a pro se defendant and affirming the magistrate judge's order striking four documents because, although given eleven days to do so, the defendant failed to submit an English translation of the documents) . See also U.S. v. Valentine, 288 F.Supp. 957, 964 (D.C. Puerto Rico 1968)("[T]he United States has from the time of its independence been an English-speaking nation . . . [N]o Continental American court, federal or state, has ever conducted its proceedings in any language other than English .") .

All documents filed in this court must be written in English, or if written in another language, must be accompanied by a certified English translation. This rule is equally applicable to motions filed by pro se defendants seeking post-conviction

2

relief under 28 U.S.C. § 2255.  <u>Rivas-Montano v. U.S.</u>, 2006 WL 1428507, *1 (M.D. Fla. May 22, 2006)(striking the affidavit and an attachment to the affidavit written in Spanish that were filed by a pro se defendant seeking § 2255 relief, and affording the defendant an opportunity to file a certified translation of his Spanish documents).


     IT IS THEREFORE ORDERED:


1.     The letter written in Spanish and attached to defendant's affidavit, filing 209, is stricken.

2.     The defendant is given until May 14, 2007, to file a supplemental affidavit with a true and accurate English translation of the letter attached.  This supplemental affidavit must set forth the requisite facts supporting admission of the letter into evidence.


April 9, 2007.          BY THE COURT

                         s/ Richard G. Kopf
                         United States District Judge