IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR118-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| HUMBERTO RIVERA-MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

    The court entered a judgment in this matter on June 11, 2007 (filing 217), denying the defendant's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The record reflects the clerk of the court immediately mailed the defendant a copy of the judgment, and of the associated memorandum and order, and that such mailing was not returned.

    On November 17, 2009, the clerk of the court received and filed the following documents from the defendant, who again appears pro se: (1) a motion to file a late notice of appeal (filing 269); (2) an affidavit in support of the motion (filing 270); and (3) a notice of appeal (filing 271). All three documents are signed by the defendant and dated November 12, 2008. In response to these filings, the clerk has also issued a memo (filing 272) inquiring whether the defendant is entitled to proceed in forma pauperis on appeal.

    Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the defendant had 60 days to appeal from the judgment denying his § 2255 motion. The defendant missed that deadline by approximately 15 months. In support of his motion for an extension of time, the defendant states that he "did not receive a copy of an order from the court informing me that my §2255 motion had been denied until October 29,

2008, when Stephanie A. Martinez, Attorney at Law, Omaha, Nebraska, sent a copy to me at my present address in Memphis, Tennessee (FCI-Memphis)." (Filing 270, p. 2, ¶ 6.)[1] Even if the defendant's statement is assumed to be true, the court does not have the authority at this late date to grant the requested extension of time.

A motion to reopen the time to file an appeal where "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry" must be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier[.]" Fed.R.App.P. 4(a)(6)(A)&(B).[2] Courts of appeals have uniformly held that Rule 4(a)(6)'s 180-day period for filing a motion to reopen is mandatory and not susceptible to equitable modification. *Bowles v. Russell*, 127 S.Ct. 2360, 2362-63 (2007). Accordingly, the defendant's motion must be denied.

Because the defendant's notice of appeal is untimely, he will not be allowed to appeal in forma pauperis. I do not reach the further issue noted in the clerk's memo of whether the defendant would be entitled to the issuance of a certificate of appealability had the notice of appeal been filed in time.

IT IS ORDERED:

1. The defendant's motion for extension of time to file a notice of appeal or to reopen the time to file an appeal (filing 269) is denied.

---

[1] Attorney Martinez entered her appearance in this matter on March 4, 2008 (filing 239).

[2] Alternatively, a motion for extension of time to file a notice of appeal for excusable neglect or good cause must be filed "no later than 30 days after the time prescribed" for filing the notice of appeal expires. Fed.R.App.P. 4(a)(5)(A)(i).

2. The court hereby certifies pursuant to Fed.R.App.P. 24(a)(3) that the defendant's appeal is not taken in good faith because it is untimely.

3. In response to the clerk's memo (filing 272), the court advises that the defendant is <u>not</u> entitled to appeal in forma pauperis.

4. The clerk of the court shall not process the defendant's notice of appeal (filing 271).

5. The clerk of the court shall forward a copy of this memorandum and order to the Clerk of the United States Court of Appeals for the Eighth Circuit, and shall serve a copy on the defendant personally.

November 25, 2008.               BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge