IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR118-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| HUMBERTO RIVERA-MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a notice of appeal (filing 279) from the court's memorandum and order of November 25, 2008 (filing 275), which denied the defendant's motion for an extension of time (filing 269) to appeal a judgment that was entered on June 11, 2007 (filing 217). That judgment denied and dismissed with prejudice the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (filing 208). In seeking an extension of time, the defendant claimed that he did not receive notice of the judgment until October 29, 2008.

As the court explained in its previous memorandum and order, a motion to reopen the time to file an appeal where "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry" must be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier[.]" Fed.R.App.P. 4(a)(6)(A)&(B). Courts of appeals, including the Eighth Circuit, have uniformly held that this time limit is mandatory and not susceptible to equitable modification. *See Bowles v. Russell*, 127 S.Ct. 2360, 2362-63 (2007); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) (holding that under "the plain language of both Fed.R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) . . . the district courts no longer have the discretion to grant motions to reopen the period for appeal

that are filed outside that specific [180-day] period, even if the appellant does not receive notice until that period has expired.").

With respect to the most recent notice of appeal, the clerk of the court has issued a memorandum (filing 280) inquiring whether the defendant may proceed in forma pauperis since he was previously appointed counsel in his criminal case. *See* Fed.R.App.P. 24(a)(3)(A) ("A party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis, unless . . . the district court . . . certifies that the appeal is not taken in good faith . . .."). "Good faith" in this context is judged by an objective standard of whether the defendant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Because the defendant's appeal only concerns a question of law that is not in doubt, it is frivolous. *See Karp v. United States*, 296 F.2d 564 (8th Cir. 1961) (appeal from "clearly correct" district court decision is not taken in good faith). Therefore,

IT IS ORDERED that:

1.   The court hereby certifies pursuant to Fed.R.App.P. 24(a)(3) that the defendant's notice of appeal (filing 279) was <u>not</u> filed in good faith.

2.   In response to the clerk's memo (filing 280), the court advises that the defendant is <u>not</u> entitled to appeal in forma pauperis.

3.   The clerk of the court shall forward a copy of this memorandum and order to the Clerk of the United States Court of Appeals for the Eighth Circuit, and shall serve a copy on the defendant personally.

January 12, 2009.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

2