IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>HUMBERTO RIVERA-MORENO,<br><br>                Defendant. | 8:04–CR–118<br><br>ORDER |

       This matter is before the Court on Defendant Humberto Rivera-Moreno's Consent Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 347. The Defendant was initially sentenced to a term of 292 months' imprisonment on Count I of the Superseding Indictment and 60 months' imprisonment on Count III of the Superseding Indictment, consecutive to Count I. Filing 172 at 1. Count I charged the Defendant with conspiracy to distribute and possess with intent to distribute certain amounts of a mixture or substance containing a detectable amount of cocaine, a mixture or substance containing a detectable amount of methamphetamine, and a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. Filing 105 at 1. Count III charged the Defendant with using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On September 28, 2009, Rivera-Moreno's sentence was reduced to 235 months imprisonment on Count I, and his sentence on Count III remained unchanged. Filing 292.

       The parties now propose that based on retroactive application of Amendment 821 to the United States Sentencing Guidelines, this Court should reduce the Defendant's sentence again with respect to Count I. Filing 347. Specifically, the parties contend that a reduced sentence of 210 months is appropriate and have entered into a stipulation to this effect. Filing 348. At the request of the Defendant, the Court held a hearing to address this matter on April 11, 2024. Filing 355

1

(Text Minute Entry). During this hearing, the Court heard argument on the matter from both counsel for the Defendant and counsel for the Government. After considering the matters discussed at the hearing along with pertinent portions of the record in this case, the Court will deny the Defendant's Consent Motion because the relevant factors set forth in 18 U.S.C. § 3553(a) do not support the requested reduction, notwithstanding his eligibility for a reduction.

While the Court recognizes that the parties have reached an agreed upon sentence reduction that they believe is appropriate, the Court is not required to accept their stipulation. *Cf. United States v. Ingram*, 91 F.4th 1271, 1273 (8th Cir. 2024) ("The court did not err in declining to accept the parties' sentencing recommendation"). Nor is the Court bound to resentence a defendant within his amended guideline range based on retroactive application of the United States Sentencing Guidelines—even if the defendant is eligible for such a reduction. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (noting that although the defendant "was eligible for a reduction, § 3582(c)(2) does not create a right to it" and that a "district court has discretion to determine whether a reduction is warranted"); *see also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (stating that a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction" is reviewed "for an abuse of discretion"). This is consistent with the discretionary nature of the United States Sentencing Guidelines. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)).

The Court has considered all of the arguments raised by the parties, and—even though it did not necessarily have to—held a hearing to allow the parties an opportunity to present any

additional matters in support of their positions. Having done so, the Court is still unconvinced that a sentencing reduction is appropriate in this case based on other relevant matters in the record and collective consideration of the § 3553(a) factors. *See United States v. Clark*, 563 F.3d 722, 724 (8th Cir. 2009) (noting the role § 3553(a) plays in sentence modification proceedings under § 3582(c)).

The Court notes this is not the first time that Mr. Rivera-Moreno has sought a sentencing reduction pursuant under § 3582(c)(2). *See* Filing 291; Filing 303; Filing 336. He even received such a reduction in 2009 when Judge Richard G. Kopf reduced his sentence on Count I from 292 months to 235 months.[1] However, Judge Kopf subsequently denied two other requests for sentencing relief—once in 2016 and once again in 2019. Filing 318; Filing 342. When Judge Kopf denied Mr. Rivera-Moreno's 2016 request, he noted among other things that Mr. Rivera-Moreno "was a major interstate trafficker in drugs with a penchant for guns" and that an additional sentence reduction was unwarranted given the need to protect the public from further crimes of the defendant. Filing 318 at 1, 3. On appeal, the Eighth Circuit concluded "that the district court considered appropriate factors and did not abuse its discretion in denying the requested sentence reduction." *United States v. Rivera-Moreno*, 692 F. App'x 305, 307 (8th Cir. 2017). In 2019, Judge Kopf denied another one of Mr. Rivera-Moreno's Motions for a Sentence Reduction because he again found "that an additional sentence reduction [was] unwarranted if [he] was to protect the public from further crimes of the defendant." Filing 342 (internal quotations and citation omitted).

The Court shares the same concerns that Judge Kopf previously articulated. One of the § 3553(a) factors this Court must consider is the need "to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(C). The United States Sentencing Guidelines similarly

---

[1] This case was reassigned to the undersigned on January 18, 2024, due to the retirement of Senior Judge Kopf. Filing 349.

3

instruct the Court to consider the nature and seriousness of the danger a defendant poses in determining whether and to what extent a sentence reduction is warranted. *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii). The worksheet provided by the United States Probation Office states that during his period of incarceration, "Mr. Rivera-Moreno has been sanctioned for violations such as being absent from assignment (x3), fighting with another person (x2), destroying property, and assaulting without serious injury." Filing 350.[2] Although this worksheet also describes the programming Mr. Rivera-Moreno has completed while in prison and other educational accomplishments he has attained, the Court remains convinced—as was Judge Kopf—that a sentence reduction is not appropriate, and Mr. Rivera-Moreno still presents a danger to the public.

In sum, the Court has considered all factors outlined under 18 U.S.C. § 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of Mr. Rivera-Moreno. *See* 18 U.S.C. § 3553(a)(1)–(2). The Court has also considered the seriousness of the conduct, the need to promote respect for the law, and the need to provide just punishment for the conduct at issue. *See* 18 U.S.C. § 3553(a)(2)(A). Particularly given the danger Mr. Rivera-Moreno presents to the public, when these factors are appropriately weighed and collectively considered, the Court finds that they do not support a sentence reduction in this case. The Court acknowledges that the Defendant is scheduled to be released from prison in the not-too-distant future, but this does not alter the Court's conclusion. Moreover, the Defendant's present term of imprisonment on Count I (235 months) is still within the middle of the applicable guideline range that applies today even

---

[2] *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii) ("The Court may consider-post sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)"); *United States v. Boyd*, 835 F.3d 791, 793 (8th Cir. 2016) (upholding the district court's decision to deny a sentence reduction and noting that the defendant's "post-sentencing misconduct report demonstrate[d] both his failure to improve his behavior as well as the seriousness of the danger posed to the community by a further reduction in his sentence").

when accounting for retroactive application of Amendment 821. *See* Filing 350 (stating that the guideline custody range on Count I is 210–262 months of imprisonment).

This Court has already granted the significant majority of sentence reductions jointly requested by the parties pursuant to Amendment 821. The Court anticipates that it will likely grant more consent motions in the days to come as they are filed. However, based upon the Court's assessment of this particular case and the circumstances that are unique to it, the Court finds that even though the Defendant might be eligible for a sentencing reduction, the § 3553(a) factors do not support such a reduction in this particular defendant's case. Accordingly,

IT IS ORDERED: The Defendant's Consent Motion for a Reduced Sentence, Filing 347, and its accompanying Stipulation, Filing 348, are denied. The Defendant's sentence remains unchanged.

Dated this 22nd day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge